CLD-149                                                        **NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

_____

No. 25-1718
_____

IN RE: MARTA LYALL,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. No. 2:25-cv-00417)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 15, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 25, 2025)
_____

OPINION*
_____

PER CURIAM

Marta Lyall seeks a writ of mandamus directing the District Court to, *inter alia*,

void its order dismissing her complaint without prejudice for failure to comply with court

rules.  We will deny the petition.

Lyall commenced the matter underlying her mandamus petition on March 24,

2025, by filing a complaint against her former employer, Carnegie Mellon University

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

("CMU"), and others in the United States District Court for the Eastern District of Pennsylvania. The complaint promptly was transferred to the Western District because CMU is located, and the events giving rise to Lyall's lawsuit allegedly occurred, in that district. Lyall subsequently filed a motion to, among other things, have the Clerk of Court "correct" the "Nature of Suit" (NOS) code assigned to her complaint from "230 – Rent Lease & Ejectment" to "440 – Civil Rights: Other" or "950 – Constitutional – State Statute," as appropriate. She also notified the court that she would not be seeking *in forma pauperis* status and that her filing fee would be arriving by mail from Seattle, Washington, where she resides.

On March 28, the District Court dismissed Lyall's complaint without prejudice, ordered the Clerk to mark the matter closed, and identified several issues that Lyall would have to address before the case would be reopened, including paying the filing fee. Lyall responded one week later by filing an amended complaint and emergency motions to reopen the case and for a hearing on the same, which the District Court denied because she had not cured the deficiencies it previously had outlined. Lyall appealed, and simultaneously filed the instant petition.[1]

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re* Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation

---

[1] We deferred action on Lyall's petition pending proof of service on each party to the underlying proceeding. She has provided the requisite proof, thereby mooting her motion to strike our noncompliance order.

2

omitted). Petitioners must show that they have no other adequate means to obtain the relief desired, that they have a clear and indisputable right to the writ, and that the writ would be appropriate under the circumstances. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992); see also Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (*per curiam*).

Lyall has not met this exacting burden. The District Court administratively terminated her motion to correct the NOS code designation when it closed the case, and it denied her motion to reopen because she had neither paid the filing fee nor moved to proceed *in forma pauperis*. She disclaimed resorting to the latter option and informed the court that her fee would be forthcoming. Although it does not appear from the record that the fee was received, we note that Lyall recently filed a motion to proceed *in forma pauperis* on appeal, which the District Court granted. Lyall thus has alternative means to obtain her desired relief: upon satisfying the remainder of the District Court's deficiency order, the propriety of which she does not dispute, she may renew her motions to reopen and to correct the NOS code designation in that court. Accordingly, we will deny her mandamus petition.

3